Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN TORTELLA,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit,<br><br>Defendant. | Case No.: |

Plaintiff, EILEEN TORTELLA brings this action individually.  This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), for personal injuries sustained by Plaintiff EILEEN TORTELLA. Plaintiff, EILEEN TORTELLA seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

## Jurisdiction and Venue

1.    This action is an action under general maritime law and the laws of California, as applicable.

2.    The matter in controversy exceeds, exclusive of interests and costs, the

1

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.    This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.    Defendant PRINCESS, at all times material hereto, personally or through an agent:

a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.    Was engaged in substantial activity within this state;

c.    Operated vessels in the waters of this state;

d.    Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e.    The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

f.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

### The Parties

5.    Plaintiff was and is a resident of New Jersey.

6.    At all times material, Defendant PRINCESS was and is a for-profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

7.    At all times material, Defendant PRINCESS was and is a common

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world including, Los Angeles, California.

8. At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California.

9. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Enchanted Princess*.

10. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Enchanted Princess*.

11. At all times material, Defendant PRINCESS had exclusive control of the *Enchanted Princess* which was in navigable waters.

### General Allegations

12. At all times material, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

13. On or about January 18, 2024, the Plaintiff was walking on the Lido Deck in a normal fashion when she slipped and fell on a foreign substance which cause the floor to become unreasonably slippery and slick, creating a dangerous and hazardous condition.

14. The foreign substance was not open or obvious and there were no warnings or cautions signs present to alert the Plaintiff to the dangerous and hazardous condition. There was nothing the Plaintiff could have done to have avoided her incident.

15. As a result of the Defendant PRINCESS' negligence, the Plaintiff suffered a full thickness, near full width tearing of her hamstring tendon.

### COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in

3

paragraphs one (1) through fifteen (15) as though alleged originally herein.

16.    At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17.    At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit, and at a time that passengers (like Plaintiff) are reasonably expected to be there.

18.    On or about January 18, 2024, the Plaintiff was walking on the Lido Deck, a place that Plaintiff was invited to by Defendant and places and time Defendant reasonably expected Plaintiff to be in during the cruise.

19.    On or about January 18, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

a.    Failure to warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous condition of the flooring surface in the subject area;

b.    Failure to adequately warn the Plaintiff of the poorly maintained flooring surface used on the subject area;

c.    Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, and/or hazardous nature of the flooring surface of the subject area, including but not limited to hazardous co-efficiency of friction in light of the wet, slippery, slick and/or hazardous condition of the flooring surface;

d.    Failure to warn the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface; and/or

e.    Failure to warn the Plaintiff that Defendant did not have proper

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

4

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably wet, slippery, slick flooring surfaces.

20.    The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the unreasonably wet, slippery, slick, hazardous and/or dangerous floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

21.    At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

22.    At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) on the same or similar flooring.

23.    As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and Plaintiff's working ability has been impaired causing the Plaintiff to lose past and future earnings. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

Plaintiff's Complaint and Demand for Jury Trial

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

24.    At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25.    At all times material hereto, it was the duty of Defendant to maintain the walkways aboard the vessel in a reasonably safe condition.

26.    On or about January 18, 2024, Defendant and/or its agents, servants, and/or employees breached its duty through the following acts and/or omissions:

a.    Failure to adequately and regularly inspect the subject flooring surface where the Plaintiff fell, to determine whether the subject flooring was unreasonably wet, slippery, slick, hazardous in nature and/or dangerous;

b.    Failure to maintain the subject flooring surface where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

c.    Failure to maintain the subject floor in a clean and dry condition;

d.    Failure to maintain non-slid flooring surface in the subject area;

e.    Failure to maintain the subject flooring with reasonable coefficient of friction to ensure it was not unreasonably slippery and/or slick;

f.    Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became wet and/or slippery, including, but not limited to, closing off the subject area that was dangerously wet and/or slippery, and/or placing signage to warn passengers of hazardous areas;

g.    Failure to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface; and/or

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

h.    Failure to adequately and reasonably correct a hazardous condition which the Defendant knew or should have known about.

27.    The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

28.    At all times material hereto, the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

29.    At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving falls on same or similar flooring.

30.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and Plaintiff's working ability has been impaired causing the Plaintiff to lose past and future earnings.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Plaintiff's Complaint and Demand for Jury Trial

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

31.    At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32.    On or about January 18, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

a. Failure to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, hazardous and/or dangerous conditions;

b. Failure to adequately inspect the floor at reasonable and adequate intervals so as to discover wet, slippery, slick, hazardous and/or dangerous conditions;

c. Failure to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous and/or dangerous flooring surface in the subject area;

d. Failure to have a non-slip, non-slid and/or non-skid flooring surface on the subject area;

e. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers (like Plaintiff);

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, hazardous and/or dangerous conditions;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, hazardous and/or dangerous areas and/or that such wet, slippery, slick, hazardous and/or dangerous areas are closed off;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

h. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

i. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

j. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

k. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface;

l. Failure to select, adopt, approve and/ or utilize a reasonably safe flooring, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area; and/or

m. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

33. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous, and/or unreasonably dangerous.

34. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance

Plaintiff's Complaint and Demand for Jury Trial

and/or inspections of the subject area and/or through prior incident(s) involving falls on same or similar flooring.

35.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and Plaintiff's working ability has been impaired causing the Plaintiff to lose past and future earnings.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE** the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## Prayer for Relief

**WHEREFORE**, the Plaintiff EILEEN TORTELLA respectfully requests the Court enter judgment in her favor and against the Defendant, as follows:

1.     To enter judgment in favor of the Plaintiff against Defendant on all causes of action as alleged herein;

2.     To award compensatory damages in the amount to be ascertained at trial;

3.     To award costs of suit and attorney's fees, as permitted by law;

4.     For prejudgment interest according to proof; and

5.     To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: December 13, 2024.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

10

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## **Demand for Jury Trial**

Plaintiff EILEEN TORTELLA hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: December 13, 2024.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

11

Plaintiff's Complaint and Demand for Jury Trial